THE STATE EX INF. P. M. MARR, Prosecuting Attorney, v. E. B. ALLEN, Appellant.—291 S. W. 454.

Court en Banc, February 15, 1927.

**1. APPELLATE JURISDICTION: Public Office: Ouster.** A petition in **quo warranto** drawn on the theory that respondent has been appointed to an office under this State, and whose avowed purpose to oust respondent involves title to such office, gives to this court jurisdiction of an appeal from the judgment of ouster.

**2. ———: ———: Appeal by Respondent: Admission.** Respondent in quo **warranto** by appealing to this court from a judgment of ouster does not admit that he is a public officer, on the theory that this court alone has jurisdiction of causes involving title to an office under this State. Appellate jurisdiction is determined by the pleadings, and the position of the losing party is not affected by the mere fact that he has appealed.

**3. ELIGIBILITY: Special Deputy Commissioner of Finance: Stockholder in Defunct Bank: Act of 1921.** A stockholder may be appointed special deputy commissioner and agent to assist the Commissioner of Finance in liquidating the assets of the defunct bank. Under the Act of 1923, Laws 1921, page 393, he is neither a deputy commissioner nor an examiner, but comes within the class of "such other assistants," who are not declared ineligible if stockholders of the defunct bank.

**4. ———: ———: ———: Other Statutes.** Sections 11674, 11675 and 11706, Revised Statutes 1919, do not render invalid the appointment of a stockholder of a defunct bank as special deputy commissioner to assist as agent

the Commissioner of Finance in liquidating its affairs. By Section 4 of the Act of 1921 these Sections as far as compatible, are incorporated in the Act of 1921, and are but definitive of the words "other assistants" used in said act, and neither by said act nor by said sections are "such other assistants" ineligible to appointment as special deputy commissioner or agent because of the fact that they are stockholders of the defunct bank.

---

Corpus Juris-Cyc. References: **Banks and Banking,** 7 C. J., Section 12, p. 481, n. 61.  **Courts,** 15 C. J., Section 34, p. 734, n. 92; Section 511, p. 1080, n. 52.

Appeal from Sullivan Circuit Court.—*Hon. A. W. Walker,* Judge.

REVERSED.

*Robert W. Otto,* Attorney-General, *George W. Crowder,* Assistant Attorney-General, *D. W. Wilson, Hunter & Chamier* and *T. E. Francis* for appellant.

(1) If relator's contention, that appellant is a public officer, so that *quo warranto* will lie against him, is sound, then this court has appellate jurisdiction by reason of the fact that, under those circumstances, "title to an office under this State" would be involved. Sec. 12, Art. VI, Mo. Constitution; Ramsey v. Huck, 267 Mo. 333. (2) The information does not state facts sufficient to constitute a cause of action and the trial court had no jurisdiction to render the judgment of ouster, for the reason that a special deputy commissioner of finance appointed "to assist the Commissioner as his agent in liquidating an insolvent bank" is not a public officer, and hence *quo warranto* will not lie to oust him. (a) *Quo warranto* will not lie to oust one who is not a public officer. 32 Cyc. 1421; State ex rel. Hull v. Grey, 91 Mo. App. 438. (b) Appellant, in acting as special deputy, assisting the Commissioner of Finance in liquidating the insolvent bank, is not a public officer, but is a mere agent or employee. Sec. 11706, R. S. 1919; State ex rel. Walker v. Bus, 135 Mo. 325; State ex rel. Zevely v. Hackmann, 254 S. W. 55; Lasher v. People, 183 Ill. 226; Sanders v. Belue, 78 S. C. 171; Fredericks v. Board of Health, 82 N. J. Law, 200; Bilger v. State, 63 Wash. 457; Porter v. Murphy, 104 S. W. 669; Padden v. City of New York, 92 N. Y. Supp. 928; United States v. Schlierholz, 137 Fed. 616; State v. City of Ottawa, 84 Kan. 100; Mechem on Public Offices & Officers, chap. 1, secs. 4, 8, chap. 2, sec. 38; Bunn v. State ex rel. Laflin, 45 Ill. 397; State ex rel. Koerner v. Ridgley, 21 Ill. 65; State ex rel. Hull v. Grey, 91 Mo. App. 438. (3) The information does not state facts sufficient to constitute a cause of action and the trial court had no jurisdiction to render the judgment of ouster, for reason that, under the law, the fact that appellant was the owner of

stock in the bank being liquidated did not make him ineligible to appointment as a special deputy to assist the Commissioner of Finance as agent in liquidating the affairs of the defunct bank. Sec. 11706, R. S. 1919. The cardinal rule of statutory construction is to ascertain the legislative intent, and the courts will not adopt a construction which is useless, absurd or unreasonable. Grier v. Railway, 286 Mo. 523; State ex rel. v. Tax Comm., 282 Mo. 213; City v. Lane, 110 Mo. 254. The construction of the statutes contended for by relator could be made possible only by arbitrarily reading into the statute prescribing the qualifications of the regular operating personnel of the Finance Department (Sec. 6, Laws 1921, p. 395) words that are not there, and which would make it applicable to that special class of employees denominated "special deputies," whose employment to assist in liquidating failed banks is authorized by another statute. Sec. 11706, R. S. 1919.

*R. E. Ash, A. L. Burns* and *P. M. Marr* for respondent.

(1) In appealing to this court counsel for appellant admit and are compelled to take the position that Allen is a "public officer," because if he is not a public officer this court does not have jurisdiction. (2) Appellant being a stockholder was ineligible for appointment to the office of special Deputy Commissioner of Finance. Secs. 11674, 11675, 11706, R. S. 1919; Laws 1921, p. 394. The above sections should be construed together, and when so read the disqualifying provision of Section 11674 applies to a special deputy commissioner created under Section 11706, when authorized to perform duties involving judgment and discretion. (3) The information filed by the prosecuting attorney *ex officio* is sufficient in every respect. State ex rel. Boyd v. Rose, 84 Mo. 198; State ex rel. Ing v. McSpaden, 137 Mo. 628; State ex rel. Brown v. McMillan, 108 Mo. 153. (4) Appellant as a special deputy commissioner is a "deputy," and not a mere "agent" or "employee." Secs. 11675, 11706, R. S. 1919; Herring v. Lee, 22 W. Va. 661; Ellison v. Stevenson, 2 Ky. (6 T. B. Mon.) 271. (5) A "special deputy" commissioner of finance is a "deputy," acting for and in the place of the commissioner, and the fact that he is a deputy is not affected by the fact that the field in which he operates is limited. He is, nevertheless, a deputy in the field in which he operates. (6) Appellant, appointed to the office of Special Deputy Commissioner of Finance of the State of Missouri, was a public officer exercising the sovereign functions of government belonging to the Finance Department of the State to be performed for the benefit of the public. State ex rel. Hull v. Gray, 91 Mo. App. 438; State ex rel. v. Bus, 135 Mo. 325; State ex rel. v. Morehead, 256 Mo. 683; Ex parte Faulkner, 1 W. Va. 269; Polk v.

James, 68 Ga. 128; Malone v. Williams, 118 Tenn. 390; Wells v. State, Ann. Cases 1913 C, 86; People v. Bledsoe, 68 N. C. 457; Henly v. Lyme, 5 Bing. 91; Porter v. Pillsbury, 11 How. Pr. 240; State v. Anderson, 45 Ohio St. 196; Collins v. New York, 3 Hun, 680; State v. Stanley, 8 Am. Rep. 488; McCormick v. Thatcher, 17 L. R. A. 243; Atty. Gen. v. McCaughey, 21 R. I. 341. (7) Public rights are involved as this is the case of a person holding a public office illegally and therefore illegally exercising the sovereign functions of government belonging to the Finance Department of the State of Missouri. The public is interested in the usurpation of any public office by any individual. State ex rel. v. McMillan, 108 Mo. 53; Spelling on Injunctions (2 Ed.) sec. 1773.

ATWOOD, J.—This proceeding originated in an information in the nature of *quo warranto,* filed by the Prosecuting Attorney of Sullivan County, Missouri, for the purpose of ousting appellant from his appointment by the State Commissioner of Finance as special deputy to assist in the liquidation of the insolvent Milan State Bank at Milan in Sullivan County. At the time of his appointment and for some time prior thereto, covering the period when the bank failed, Allen was the owner and holder of · twenty-five shares of its capital stock. The ground of ouster is thus alleged in the information:

"That the said E. B. Allen was, under the laws of the State of Missouri, as aforesaid, ineligible for appointment as a Special Deputy Commissioner of Finance to be placed in charge of the affairs of the insolvent Milan State Bank for the reason that the said E. B. Allen was at the time of his appointment to the said office aforesaid, and still is, the owner and holder of twenty-five shares of the capital stock of the said Milan State Bank, and that by reason of this fact his appointment to the said office of Special Deputy Commissioner of Finance as aforesaid, was unlawful, unwarranted, improper, illegal and absolutely contrary to and prohibited by the laws of the State of Missouri in such cases made and provided.

"That the said E. B. Allen, having been unlawfully appointed to the said office as aforesaid does unlawfully and illegally hold and occupy, and is now unlawfully and illegally and without any legal rights or authority whatsoever holding and occupying and usurping the said office of Special Deputy Commissioner of Finance of the State of Missouri, and since the first day of November, 1921, he unlawfully claimed, received and enjoyed the rights, fees and emoluments belonging and appertaining to the said office."

The portion of the answer of defendant, who is appellant here, now pertinent to the issue involved is as follows:

"Comes now the respondent and defendant and for his answer to plaintiff's petition says it is true that he is now and was at all the times mentioned in said petition a stockholder in the Milan State Bank; that the assets of said bank were taken over by the Hon. J. C. Hughes, who was then the Commissioner of Finance of this State, and that thereafter the said Hughes appointed the said defendant and respondent, E. B. Allen, a Special Deputy Commissioner, and placed him in charge of its assets and affairs; that the said Allen gave bond for the faithful discharge of his duties as such Special Deputy Commissioner, and ever since has been and now is faithfully discharging his duties as such Special Deputy, but the defendant and respondent denies that said appointment was unlawful or illegal, but, on the contrary, says that under the laws of this State a stockholder of an insolvent bank is eligible to be a special deputy commissioner of such a bank, and that in appointing him as such Special Deputy Commissioner the Hon. J. G. Hughes, State Commissioner of Finance, acted in strict compliance with the law, and in accordance with the uniform custom and practice of the State Department of Finance.

"Respondent says that said Commissioner of Finance of the State of Missouri did by certificate, under his hand and official seal, appoint respondent Special Deputy Commissioner as agent to assist him in liquidating the business and affairs of said bank; that said Commissioner did file such certificate in his office and cause a certified copy thereof to be filed in the office of the Recorder of Deeds of Sullivan County, Missouri, said bank having its principal office located in said county; that from time to time said Commissoner has delegated to respondent such duties connected with such liquidation as he has deemed proper, but that the said liquidation by respondent has been under the direction of said Commissioner, and that said Commissioner has not authorized said respondent to proceed therewith as respondent may desire or see fit, but only under and pursuant to such instructions and directions as might be given him from time to time by said Commissioner; that as matters have arisen in connection with said liquidation, respondent has communicated with the Commissioner of Finance and has been instructed by such Commissioner how to proceed; that respondent has not been delegated with power to act in said liquidation on his own initiative and as he might desire and see fit, but has been acting as a mere agent of said Commissioner, and has done from time to time what he has been instructed to do by such Commissioner, and that this is in accordance with his appointment; that respondent was appointed as a mere agent of said Commissioner to carry out his directions and instructions from time to time the same were given to him and that he was not appointed with power to act in such liquidation on his

own judgment and without instructions and directions from such Commissioner; that such is now and always has been the custom and practice of said Commissioner and the State Banking Department of Missouri.''

Upon trial before the court there was a judgment and finding for plaintiff ousting defendant upon the ground that he ''was illegally appointed to the office of Special Deputy Commissioner of Finance of the State of Missouri, in charge of the affairs of the Milan State Bank of Milan, Missouri, and that his holding the said office was and is unlawful, unwarranted, improper, illegal, contrary to and prohibited by the laws of the State of Missouri in such cases made and provided.''

The case is here upon our special order granting an appeal under Section 1474, Revised Statutes 1919. Appellant's assignment of errors is that, ''The information does not state facts sufficient to constitute a cause of action or to warrant the granting of any relief, and the trial court, therefore, had no jurisdiction to render, and erred in rendering, a judgment of ouster against defendant (appellant in this court), for the reasons specifically stated in Points II, III and IV of Points and Authorities.''

Points II, III and IV of appellant's points and authorities referred to in his assignment of errors are that the petition or information does not state facts sufficient to constitute a cause of action, because a special deputy commissioner of finance appointed to assist the Commissioner of Finance as his agent in liquidating an insolvent bank is not a public officer, and hence *quo warranto* will not lie to oust him; because the information was filed ex officio

**Appellate Jurisdiction.** and shows on its face that public rights are not involved and that the end sought to be attained is merely the vindication of alleged private rights; and because, notwithstanding appellant was the owner of stock in the bank being liquidated, he was eligible to appointment as a special deputy to assist the Commissioner of Finance as agent in liquidating the affairs of the defunct bank.

I. Section 12 of Article VI of the Missouri Constitution, and Section 5 of the Constitutional Amendment of 1884 amending this article, give the Supreme Court jurisdiction of cases involving ''the title to any office under this State.'' Relator's petition is obviously

**Title to Public Office.** drawn on the theory that defendant was appointed to an ''office under this State.'' The avowed purpose of ouster clearly involves the title thereto, and we thus acquire jurisdiction. The general rule as to jurisdiction of the subject-matter is thus stated in 15 Corpus Juris, 734: ''The test for determining jurisdiction is ordinarily the nature of the case,

as made by the complaint, and the relief sought.'' Respondent, who was the relator below, does not deny that we have jurisdiction, but suggests in his first point that ''in appealing to this court counsel for appellant admit and are compelled to take the position that Allen is a 'public officer,' because if he is not a public officer this court does not have jurisdiction.'' There is no merit in this suggestion. Our jurisdiction and the position of the several parties are determined by the pleadings, and the position of the losing party on any question deemed to be in the case is not affected by the mere fact that he has appealed.

II. The Department of Finance was created by an act of the General Assembly found on pages 383-397, Laws 1921. Section 2

**Eligibility: Act 1921.** of the act provides for the appointment of the Commissioner of Finance by the Governor, by and with the advice and consent of the Senate, who shall hold his office at the pleasure of the Governor. Section 3 reads (italics ours): ''No person shall be eligible for the office of commissioner of finance, unless he shall first have had at least three years' actual practical experience in a general banking business, or shall have served for a like period of time in the department having charge of banks and banking in this or some other state of the United States, and no officer or employee of any bank or trust company, and *no person interested as owner or holder of stock of any bank or trust company and no private banker shall be eligible to the office of commissioner of finance.*'' Section 6 provides that the ''commissioner of finance, with the approval of the Governor, shall appoint a deputy commissioner of finance and such other assistants, including not to exceed twenty examiners, as, subject to the approval of the Governor, he shall deem necessary to properly discharge the duties of the department of finance.'' It is further provided that ''the deputy commissioner of finance and the examiners shall possess the qualifications required for the commissioner of finance.''

Section 6 thus indicates the scope and character of appointments to be made by the Commissioner of Finance. It is apparent that appellant is neither the Commissioner of Finance, nor the deputy commissioner of finance—only one being provided. He is one of ''such other assistants'' the Commissioner of Finance deems necessary to properly discharge the duties of his office, but he is obviously not an examiner. The act specifically limits those who are ineligible because of interest as owners or holders of stock of any bank or trust company to the Commissioner of Finance, the deputy commissioner of finance, and the examiners. Therefore, ''such other assistants'' who are not examiners as may be appointed, within which classification appellant comes, are not ineligible on this account. The ground of ineligibility

alleged in the petition or information is not directed against public officers as such, but to such individuals, and only such, as undertake to act as the Commissioner of Finance, the deputy commissioner of finance, or examiners. The question of whether or not appellant is a "public officer" is only incidentally, if at all, in the cases, which, as we view it, is thus properly disposed of on our interpretation of the act.

III. But respondent says that Sections 11674, 11675 and 11706, Revised Statutes 1919, sustain his position and should be construed with the Act of 1921. Section 4, defining the scope and power of the department under the act, contains this provision (italics ours): *"The state banking department,* the office of state bank commissioner, the bureau of building and loan supervision, the office of supervisor of building and loan associations, and the soldier settlement board are hereby abolished and all the powers and duties thereof, provided by the laws of this state, are hereby conferred upon and vested in the state department of finance and *all the provisions of the laws of this state conferring duties and powers upon the foregoing department,* bureau, officers and board, or requiring reports thereto, *in so far as compatible with the provisions of this act, are hereby adopted and incorporated herein by reference and made a part hereof."*

Section 11706, of Article I, Chapter 108, Revised Statutes 1919, relating to special deputies, assistants, counsel and other employees of the State Banking Department, in so far as compatible with the Act of 1921, is a part thereof and reads as follows: "The commissioner may, by certificate, under his hand and official seal, appoint one or more special deputy commissioners as agent or agents to assist him in liquidating the business and affairs of any corporation or private banker in his possession. The commissioner shall file such certificate in his office and shall cause a certified copy thereof to be filed in the office of the recorder of the county or city in which the principal office of such corporation or banker is located. He may, from time to time, delegate such special deputy commissioner to perform such duties connected with such liquidation as he may deem proper. He may employ such expert assistants and counsel and may retain such of the officers or employees of such corporation or banker as he may deem necessary in the liquidation and distribution of the assets of such corporation or banker. He shall require such security as he may deem proper from his agents and assistants appointed pursuant to the provisions of this section." It readily appears that the foregoing section, in so far as it is compatible with the Act of 1921, is but definitive of the "other assistants" not examiners who are authorized in the act. This section sets up no grounds of ineligibility and does not aid respondent's position.

Section 11674, same article and chapter, Revised Statutes 1919, contains this provision (italics ours) : ''No person shall be eligible for the office of bank commissioner or deputy, or be appointed examiner, without first having had at least three years' actual practical experience in a general banking business, or served for a like period of time in the banking department in this or some other state, and no officer or employee of any bank or trust company, or *person interested as owner or holder of stock thereof, and no private banker, shall be eligible to the office of bank commissioner, deputy or examiner.*'' In order to be compatible with the Act of 1921 the words ''commissioner of finance, the deputy commissioner of finance'' should be substituted for the words ''bank commissioner, deputy'' in the last line of the part of the section last above quoted, and the section as so read lays no ineligibility upon appellant, nor does Section 11675 impute any. Sections 11674, 11675 and 11706, Revised Statutes 1919, in so far as they are compatible and incorporated by reference as a part of the Act of 1921, do not render appellant ineligible to hold the appointment of special deputy to assist in the liquidation of the insolvent Milan State Bank.

Having ruled the same as to the act itself, it follows that the circuit court erred in its finding and judgment, and the judgment is reversed. All concur, except *Walker, J.,* who dissents, and *Graves, J* , absent.